IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PEGGY A. ANKROM,

    Plaintiff,

v.                                                     Civil Action No. 5:08CV120
                                                                                  (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] plaintiff, Peggy Ankrom, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleged disability since January 1, 1998, due to disc problems, neck pain, back pain, spastic colon, poor circulation in right leg with leg pain, and fibromyalgia.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on June 5, 2002, before Administrative Law Judge ("ALJ") Elliot Bunce. The plaintiff, represented by counsel testified on her own behalf, as did a Vocational Expert ("VE"). On September 27, 2002, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Council denied the plaintiff's request for review on October 24, 2002, rendering the ALJ's decision the final decision of the Commissioner.

Thereafter, the plaintiff filed a complaint with this Court on June 6, 2003. See Case No. 5:03-cv-8. The case was referred to United States Magistrate Judge James E. Seibert who found, in part, that the action be remanded to the Commissioner to consider whether the plaintiff's fibromyalgia alone, or in combination with other impairments, prevented her from engaging in employment. Upon a de novo review, this Court affirmed and adopted the magistrate judge's report and recommendation in its entirety, remanding the case to the Commissioner for specific findings in accordance with the report and recommendation. Case No. 5:03-cv-8, therefore, was dismissed from the active docket of this Court.

The plaintiff submitted additional evidence to the ALJ, and ALJ Bunce held a second administrative hearing on January 12, 2005. The plaintiff, again represented by counsel, testified on her own behalf. VE Charles Cohen, Ph.D. also testified at the hearing. On January 27, 2005, the ALJ issued a decision finding that on or before September 30, 2000 through the date of his decision, the plaintiff did not have a disability because she had the residual functional capacity to perform a significant range of light work. The Appeals Council denied the plaintiff's request for review on May 24, 2008, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present

action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On May 27, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

3

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Because neither party has filed objections, this Court relies upon the facts and standard of review as stated by the magistrate judge in his report and recommendation. This Court has thoroughly reviewed the record and, for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled on or before her last date insured because her fibromyalgia permits her to perform limited light and sedentary work is supported by substantial evidence. Dr. Joseph Endrich's retrospective opinion cited no supporting medical evidence that the plaintiff would be unable to perform work. Also, Dr. Endrich's opinion is inconsistent with other persuasive contrary evidence that showed that the plaintiff could maintain employment. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and

the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: July 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE